IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOLCRAFT ENTERPRISES, INC., | Civil Action No. _____ |
| Plaintiff, | |
| v. | |
| ARTSANA USA, INC. d/b/a CHICCO USA, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Kolcraft Enterprises, Inc. ("Kolcraft"), complains of Defendant, Artsana USA, Inc. d/b/a Chicco USA, Inc. ("Chicco"), as follows:

1.    This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a).

2.    Kolcraft is a Delaware corporation having its primary place of business at 1100 West Monroe Street, Chicago, Illinois.  Kolcraft is in the business of, among other things, developing, manufacturing and selling baby products such as playyards.

3.    Kolcraft owns and has standing to sue for infringement of U.S. Patent No. 8,764,612 B2 (the "'612 patent") entitled "Play Gyms and Methods For Operating The Same," which issued on July 1, 2014.

4.    Chicco is a New Jersey corporation that regularly conducts business in Illinois and specifically in this judicial district.  Chicco competes with Kolcraft in the baby products industry.

5.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

6.      The Court has personal jurisdiction over Chicco because, among other things, Chicco transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing products at retail stores and through the Internet and other distribution channels in such a way as to reach customers in Illinois and this judicial district.  Chicco has committed acts of infringement in this judicial district.

7.      Chicco has infringed and is now infringing the '612 patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing child playyard products, including but not limited to the Chicco Lullaby, Chicco Lullaby LX and Chicco Lullaby LX/SE Playyards and other Chicco playyard products with different names and/or model numbers but with substantially the same designs, features and functionalities as the Chicco Lullaby, Chicco Lullaby LX and Chicco Lullaby LX/SE ("Chicco Accused Products") throughout the United States, including within this judicial district, and by aiding, assisting and encouraging the infringement of the '612 patent by others.

8.      The Chicco Accused Products each include a portable playyard.

9.      The Chicco Accused Products each include a board dimensioned to be positioned in the playyard.

10.     The Chicco Accused Products each include a connector coupled to the board.

11.     The Chicco Accused Products each include a play gym.

12.     The Chicco Accused Products each include a connector moveable between a position in which the connector is covered by a top surface of the board and an exposed position outside a perimeter of the board.

13.     Chicco has infringed and continues to infringe at least claim 1 of the '612 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, importing, offering for sale and selling the Chicco Accused Products in this judicial district and throughout the United States. Specifically, the Chicco Accused Products contain each and every element of at least claim 1 of the '612 patent both literally and under the doctrine of equivalents in contravention of 35 U.S.C. § 271.

14.     Chicco has also indirectly infringed at least claim 1 of the '612 patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.  Chicco has knowingly and actively induced infringement of at least claim 1, for example, through the foregoing activities including, without limitation, importing, offering to sell and selling the Chicco Accused Products in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the Chicco Accused Products in a manner that infringes at least claim 1 of the '612 patent.  The direct infringers that are being induced by Chicco include, without limitation, its customers, resellers and users that offer for sale, sell and use the Chicco Accused Products in this judicial district and throughout the United States.

15.     Chicco has also indirectly infringed and continues to indirectly infringe at least claim 1 of the '612 patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale and selling the Chicco Accused Products and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the Chicco Accused Products, which constitute a material part of the patented inventions of claim 1 of the '612 patent, which Chicco knows are especially made or adapted for use in an infringement of at least claim 1 of the '612 patent, and which are not a staple article of commerce suitable for substantial non-infringing use.

The direct infringers for Chicco's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Chicco's customers, resellers and users that offer for sale, sell and use the Chicco Accused Products in this judicial district and throughout the United States.

16.     Chicco's infringement, contributory infringement and/or knowing and intentional inducement to infringe has injured Kolcraft and Kolcraft is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

17.     Kolcraft has complied with 35 U.S.C. § 287.

18.     Chicco's infringement, contributory infringement and/or inducement to infringe the '612 patent has been willful, deliberate and objectively reckless.

19.     Chicco has continued its infringing activities, despite knowing that there was at least an objectively high likelihood that its actions constituted infringement of the '612 patent. This case is, therefore, beyond the norm and, hence, subject to discretionary enhancement of damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

20.     Chicco's infringement of the '612 patent has caused irreparable harm to Kolcraft, which has no adequate remedy at law, and will continue to injure Kolcraft unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the '612 patent, and enjoining Chicco from contributing to and/or inducing infringement of the '612 patent.

WHEREFORE, Plaintiff Kolcraft respectfully asks this Court to enter judgment against Chicco, and against its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

a.      The entry of judgment in favor of Kolcraft and against Chicco;

b.      An award of damages adequate to compensate Kolcraft for the infringement that has occurred, and in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest;

c.      Increased damages as permitted under 35 U.S.C. § 284;

d.      A finding that this case is exceptional and an award to Kolcraft of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

e.      A permanent injunction prohibiting further infringement, inducement and/or contributory infringement of the '612 patent; and,

f.      Such other relief that Kolcraft is entitled to under law, and any other and further relief that this Court or a jury may deem just and proper.

## Jury Demand

Kolcraft demands a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

_____/s/ Raymond P. Niro, Jr._____
Raymond P. Niro, Jr.
Robert A. Conley
Brian E. Haan
NIRO, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137
rnirojr@nshn.com; rconley@nshn.com;
bhaan@nshn.com

Attorneys for Plaintiff
Kolcraft Enterprises, Inc.